UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2020 AUG -6 PM 12:00
CLERK
BY KP
DEPUTY CLERK

| | |
|---|---|
| William H. Kemp, Sr.<br>Plaintiff<br><br>v.<br><br>Peckham Industries, Inc. and Virgil Doe | )<br>)<br>)<br>)  Civil Action,<br>)  Case No.: 2:20-cv-113<br>) |

# COMPLAINT

NOW COMES the Plaintiff by and through his attorneys, Anderson & Eaton, P.C. and Complain against the Defendants as follows:

## Parties

1. Plaintiff is a resident of the City of Rutland in the State of Vermont.

2. Defendant Peckham Industries, Inc. is a corporation existing under the laws of the State of Delaware with a principal place of business in the County of Westchester and State of New York.

3. Defendant Virgil Doe was an employee of Peckham Industries, Inc. who was acting within the scope of his authority as an employee operating a truck owned by Peckham. Virgil Doe's last name is unknown. Upon information and belief he is a resident of the State of New York.

## Jurisdiction

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are citizens of different States and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## Venue

5. Venue is proper as the actions complained of occurred within the County of Rutland in the State of Vermont.

## Facts

6. On or about August 9, 2017 the Plaintiff was working for American Flagging and Traffic Company which was engaged in providing traffic control services to the Defendant at a road project on U.S. Route 4 in the Town of Killington, County of Rutland, State of Vermont.

7. Plaintiff was directing traffic near the northern intersection of Mission Farm Road and Route 4. For lengthy periods of time during the day Route 4 was completely shut down by construction and traffic was being diverted onto Mission Farm Road which provided a bypass of several thousand feet before reconnecting with Route 4.

8. Plaintiff had stopped two trucks that were overweight and therefore unable to drive over Mission Farm Road. He explained to the drivers that they would need to wait for a lane in Route 4 to open up before they could proceed. He was walking north to resume his post when he came across the mini dump-truck being operated by Virgil Doe heading from the north.

9. Plaintiff explained to Defendant Virgil Doe that he would need to wait before he proceeded south on Mission Hill Farm Road since Plaintiff did not know what traffic was headed north on Mission Hill Farm Road. Virgil acknowledged this and indicated that he would comply with that request. Plaintiff proceeded to walk north along the side of the road.

10. Without warning or explanation Virgil Doe started moving his truck and proceeded towards Mission Hill Farm Road while Plaintiff was at the side of the truck.

11. Virgil failed to exercise reasonable care in the operation of Defendant Peckham's truck and caused the truck to collide with Plaintiff while he was walking along the roadside in his capacity as a traffic controller.

12. Due to Virgil Doe's failure to exercise reasonable care as aforesaid the Plaintiff's foot and lower body was struck by the Peckham truck which knocked him to the ground. As he was getting up, Plaintiff was struck by yet another vehicle on his extended right foot. The driver of the second vehicle did not stop and has not been identified.

13. As a direct and proximate result of Defendant Virgil Doe's failure to exercise reasonable care as aforesaid, the Plaintiff suffered serious physical injuries which are permanent in nature. Furthermore, Plaintiff was placed in a position of increased risk and exposure which resulted in his being unable to alert or avoid the second vehicle from striking him.

14. As a direct and proximate result of the Defendant John Doe's acts and/or omissions, imputed to Defendant , Plaintiff has experienced, and will continue to experience, great pain and suffering, lost wages, medical bills, financial losses and other damages.

WHEREFORE, Plaintiff demands judgment against Defendants, in an amount in excess of the jurisdictional limits of this Court for pain and suffering, lost wages, medical bills, financial losses, mental anguish, and loss of enjoyment of life together with interest, including pre-judgment interest, costs, and other relief this Court deems proper.

DATED at Rutland, Vermont this 5th day of August, 2020.

Karl C. Anderson, Esq.
Anderson & Eaton, P.C.
128 Merchants Row, Seventh Floor
PO Box 67
Rutland, VT  05702-0067
802-773-4700
karl@vtlawyers.org